UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN L. PETEREC,

                                   Plaintiff,

                    -v.-

TGI FRIDAYS, INC., et al.,

                                   Defendants.

7:23-CV-8028 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff John L. Peterec, who appears pro se, brings this Action asserting claims of age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, as well as such claims under the New York State Human Rights Law.  He seeks damages, backpay, and costs, and sues the following defendants: (1) TGI Fridays, Inc.; (2) "D.B.A. Wow Bao"; (3) TGI Fridays; (4) TriArtison Capital Advisors; (5) TriArtison Capital Partners; (6) Sentinel Capital Partners; (7) TGI Fridays Franchisor, LLC; (8) TGI Fridays, LLC; (9) Ray Blanchette; (10) Robert B. Cook; (11) Rohit Manocha; (12) David Alvarez, a TGI Fridays restaurant manager; (13) "Renee' (John Doe)," a TGI Fridays restaurant manager; (14) "John (Area Manager; As John Doe)," a TGI Fridays area manager; (15) "John Doe," an unidentified defendant with an unspecified title; and (16) "Jane Doe," and unidentified defendant with an unspecified title.

By Order dated October 4, 2023, the court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.  The Court directs service on TGI Fridays Franchisor, LLC. The Court also directs counsel for that Defendant to provide to Plaintiff and the Court the service address for Defendant Alvarez, as well as the identities and service addresses for unidentified Defendants "Renee' (John Doe)" and "John (Area Manager; As John Doe)."  In

addition, while the Court does not direct service on any of the other Defendants, the Court grants Plaintiff leave to file an amended complaint with the respect to those Defendants. The Court further refers Plaintiff to the New York Legal Assistance Group's legal clinic within this judicial district.

## DISCUSSION

### A.  Service on TGI Fridays Franchisor, LLC

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on TGI Fridays Franchisor, LLC, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for that defendant.  The Clerk of Court is further instructed to issue a summons for TGI Fridays Franchisor, LLC, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon that defendant.

If the Complaint is not served on TGI Fridays Franchisor, LLC, within 90 days after the date the summons is issued for that Defendant, Plaintiff should request an extension of time for

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the Complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the Complaint on TGI Fridays Franchisor, LLC, until the Court reviewed the Complaint and ordered that a summons be issued for that defendant. The Court therefore extends the time to serve TGI Fridays Franchisor, LLC, until 90 days after the date that a summons is issued for that defendant.

service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Defendants Alvarez, "Renee' (John Doe)," and "John (Area Manager; As John Doe)"**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the Court with respect to discovering a defendant's service address, as well as with identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit counsel for TGI Fridays Franchisor, LLC, to provide Plaintiff and the Court with the service address for Defendant Alvarez, as well as with the identities and service addresses for Defendants "Renne (John Doe)" and "John (Area Manager; As John Doe)." Defendant Alvarez is alleged to have been a manager of a TGI Fridays restaurant located at 23 Crystal Run Crossing, in Middletown, New York, while Plaintiff worked there between January 6, 2022, and January 23, 2023, and may have been transferred to another TGI Fridays restaurant during that period. Defendant "Renee (John Doe)" is alleged to have also been a manager of the TGI Fridays restaurant located at 23 Crystal Run Crossing, in Middletown, New York, while Plaintiff worked there during the abovementioned period. Defendant "John (Area Manager; As John Doe)" is alleged to have been the TGI Fridays area manager for the area that included the TGI Fridays restaurant located at 23 Crystal Run Crossing, in Middletown, New York, during the abovementioned period. It is therefore ordered that counsel for TGI Fridays Franchisor, LLC, must ascertain the service address for Defendant Alvarez, as well as the identities and service addresses for the other two unidentified Defendants mentioned in this paragraph. Counsel for

TGI Fridays Franchisor, LLC, must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint in which he provides the service address for Defendant Alvarez as well as the identities and service addresses for the unidentified Defendants mentioned within this section of this Order.  The amended complaint will replace, not supplement, the original Complaint. An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will determine whether the information is sufficient to issue an order directing service on Defendant Alvarez as well as on the newly identified defendants.

**C.      The Other Defendants**

Plaintiff does not allege any facts showing how any of the Defendants, other than TGI Fridays Franchisor, LLC, Defendant Alvarez, and the other unidentified Defendants mentioned in the preceding section of this Order were involved with any of the alleged discrimination and/or retaliation upon which he bases his claims for relief.  Thus, the Court will not direct service on any of those other defendants.  The Court will, however, grant Plaintiff leave to file an amended complaint to allege facts showing how those other Defendants were somehow involved with the alleged discrimination and/or retaliation upon which he bases his claims for relief.[2]

**D.      New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

---

[2] Plaintiff may include such facts in the same amended complaint in which he includes Defendant Alvarez's service address and names the newly identified Defendants mentioned as unidentified Defendants in the preceding section of this Order, as well as those Defendants' service addresses.

staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court.  The clinic is operated by a private organization; it is not part of, or operated by, the Court.  It cannot accept filings on behalf of the Court, which must still be made by any pro se party through the court's Pro Se Intake Unit.  A copy of the flyer with details of the NYLAG clinic is attached to this Order.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue a summons for Defendant TGI Fridays Franchisor, LLC, complete a USM-285 form with the address for that defendant, and deliver all documents necessary to effect service on that Defendant to the U.S. Marshals Service.

The Court further directs the Clerk of Court to mail a copy of this order to TGI Fridays Franchisor, LLC, at 19111 Dallas Parkway, Dallas, Texas 75287.

An amended complaint form for employment discrimination actions and a flyer from NYLAG are attached to this order.

SO ORDERED.

Dated:    October 19, 2023
          White Plains, New York

_____
        KENNETH M. KARAS
      United States District Judge

5

## DEFENDANT AND SERVICE ADDRESS

TGI Fridays Franchisor, LLC
19111 Dallas Parkway
Dallas, Texas 75287

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-



_____

_____

_____
Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes      ☐ No

## AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                          Middle Initial          Last Name

Street Address

County, City                                        State                          Zip Code

Telephone Number                          Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                                        State                          Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                                        State                          Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State                Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State                Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐   race: _____

   ☐   color: _____

   ☐   religion: _____

   ☐   sex: _____

   ☐   national origin: _____

☐  **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐  **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐  **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐  **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐  **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

### B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☐  **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐  **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐  Other (may include other relevant federal, state, city, or county law):

_____

Page 4

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐ did not hire me

☐ terminated my employment

☐ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☐ retaliated against me

☐ harassed me or created a hostile work environment

☐ other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| |
|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

  If you do consent to receive documents electronically, submit the completed form with your
  complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1.  Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2.  Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1.  You will no longer receive documents in the mail;

2.  If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3.  This service does *not* allow you to electronically file your documents;

4.  It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City                State          Zip Code

_____
Telephone Number                E-mail Address

_____
Date                       Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

**NYLAG**
New York Legal Assistance Group

## Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

### Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

### Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

### Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 |
https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

