# JacksonLewis

Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville NY 11747

Direct Dial: (631) 247-4652
Email: ADAM.GUTTELL@JACKSONLEWIS.COM

December 13, 2024

**VIA ECF**

Judge Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

          Re:    **John L. Peterec v. TGI Fridays, Inc., et al.**
                **Case No. 7:23-cv-8028 (KMK)**

Dear Judge Karas:

      We represent the Defendants TGI Fridays, Inc. ("TGI Fridays"), David Alvarez-Tudares ("Alvarez-Tudares"), and Renee M. Mejia ("Mejia") (Alvarez-Tudares and Mejia referred to jointly as "Individual Defendants"), in the above-referenced matter. On December 2, 2024, the Court issued an Order directing the other Parties in this Action to respond to TGI Friday's Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings (the "Notice"). *See* Dkt. No. 56. We write now, on behalf of the Individual Defendants, to respond to the Notice and request that the Court stay the related claims against Alvarez-Tudares and Mejia.

      A stay will apply to non-debtors "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Frazier v. Stephnan*, 2024 U.S. Dist. LEXIS 205407, *3-4 (S.D.N.Y. Nov. 12, 2024) (*citing Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)). "Examples are a claim to establish an obligation of which the debtor is a guarantor, … a claim against the debtor's insurer, … and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant …" *Queenie, Ltd.*, 321 F.3d at 287 (internal citations omitted). Courts have extended the automatic stay to stay actions against nondebtors where there is such an identity of interest that the action against the non-debtor would have an adverse impact on the debtor's estate or its efforts to restructure. *Deutsch v. Liquid Holdings Group, Inc.*, Index. No. 452951/2015, 2016 N.Y. Misc. LEXIS 1949, at *4 (Sup. Ct. N.Y. Cty. May 25, 2016 (*citing Empire Erectors and Elec. Co., Inc. v. Unlimited Locations LLC*, 961 N.Y.S.2d 1 (1st Dept. 2013)). The automatic stay also has been extended pursuant to Section 362(a)(3) to stay all actions "to obtain possession … or to exercise control over property of the estate." *Id.* at *2 (*quoting* 11 U.S.C. 362(a)(3)). Courts extend the automatic stay in such circumstances because permitting these claims to go forward would effectively eviscerate the protections that the automatic stay affords debtors. *See, e.g., In re United Health Care Org.*, 210 B.R. 228, 233 (S.D.N.Y. 1997). "In other words, 'Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited in the Code.'" *In re Calpine Corp.*, 354 B.R. 45, 49 (Bankr. S.D.N.Y. 2006) (*quoting In re United Health Care*, 210 B.R. at 233).

11 U.S.C. § 362(a)(3) protects the bankruptcy estate's assets by automatically staying "any act to obtain possession of … or to exercise control over property of the estate." As courts have recognized, Section 362(a)(3) "prohibits interference with the disposition of the assets that are under the Court's wing – whether or not the Debtor is named as a defendant as part of the effort." *In re Adelphia Commc'ns Corp.*, 345 B.R. 69, 76 (Bankr. S.D.N.Y. 2006) (emphasis added). Thus, Section 362(a)(3) directs the stay of any action, whether against the debtor or nondebtors, that would have an adverse impact on the property of the bankruptcy estate. *See, e.g., In re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987) ("If action taken against the nonbankrupt party would inevitably have an adverse impact on property of the bankrupt estate, then such action should be barred by the automatic stay"); *see also Queenie Ltd.*, 321 F.3d at 287 (automatic stay applies to non-debtors when claim against non-debtor will have "adverse economic consequence for the debtor's estate"); *In re Gucci*, 126 F.3d 380, 392 (2d Cir. 1997) ("We have ruled that an action taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred by the automatic stay provision").

In the instant case, this is perhaps the most critical factor favoring global application of the stay. Aside from any other adverse impacts on the property of TGI Friday's estate, TGI Friday's has an insurance policy with Chubb North American Claims (the "Policy") that provides coverage for defense costs and may pay all or a portion of any liability found against TGI Friday's and/or the Individual Defendants. The insurance carrier has acknowledged coverage of the claims asserted by Plaintiff in the instant proceeding with respect to all Defendants. The Policy provides coverage to the Individual Defendants for both defense costs and possible liability, just as it provides those to TGI Friday's. The insurance policy and its proceeds are unquestionably an asset of the TGI Friday's estate. *See, e.g., In re Quigley Co., Inc.*, 676 F.3d 45, 57-58 (2d Cir. 2012) (holding that the "drawing down of [the shared] insurance policies" would deplete an asset of the bankruptcy estate and thus, the bankruptcy court had jurisdiction to stay the actions against the non-debtor defendant); *In re Johns-Manville Corp.*, 600 F.3d 135, 152 (2d Cir. 2010) ("[T]he insurance policies that Travelers issued to Manville are the estate's most valuable asset"); *MacArthur Co. v. JohnsManville Corp.*, 837 F.2d 89, 92 (2d Cir. 1988) (agreeing with the "[n]umerous courts [that] have determined that a debtor's insurance policies are property of the estate"); *In re MF Global Holdings Ltd.*, 469 B.R. 177, 190 (Bankr. S.D.N.Y. 2012) ("[I]t is well-settled that a debtor's liability insurance is considered property of the estate").

Here, if the stay is not extended to the Individual Defendants and the case is allowed to continue, the Individual Defendants will incur, at a minimum, defense costs that will draw down this insurance policy, depleting an asset that is property of TGI Friday's estate. That alone warrants extending the stay pursuant to Section 362(a)(3) to stop litigation of the claims against them. *See, e.g., A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001-02 (4th Cir. 1986) (indicating that proceedings against third parties "who qualify as additional insureds under the policy" are covered by automatic stay) (cited with approval in *In re Quigley*, 676 F.3d at 54); *Florists' Transworld, Inc. v. New York Floral Group, Inc.*, Index No. 650211/08, 25 Misc. 3d 1225(A), 2009 N.Y. Misc. LEXIS 3081, at *4 (Sup. Ct. N.Y. Cty. Nov. 12, 2009) (*citing* A. H. Robins for proposition that claim that would reduce debtor's limited insurance proceeds is example of immediate adverse consequence for debtor's estate warranting extension of stay to non-debtor); *see also Tatas v. Ali Baba's Terrace, Inc.*, 2022 U.S. Dist. LEXIS 233797, *4 (S.D.N.Y. Dec. 30, 2022) (finding that

Case 7:23-cv-08028-KMK    Document 57    Filed 12/13/24    Page 3 of 4

# JacksonLewis

Judge Kenneth M. Karas
Page 3

extending a stay of the proceedings to the individual defendants following the corporate defendant's filing for bankruptcy was appropriate where the individual defendants were covered by the corporate defendant's insurance policy).

Accordingly, it is readily apparent that the stay must be extended to the Individual Defendants to protect the bankruptcy estate's asset – its insurance policy.

We thank the Court for its time and attention to this matter.

Very truly yours,

JACKSON LEWIS P.C.

*s/ Adam G. Guttell*
ADAM G. GUTTELL

AGG/TF

TO:    **VIA FIRST CLASS AND ELECTRONIC MAIL**

John L. Peterec
*Pro Se Plaintiff*
244 Fifth Avenue, Apt. J-292
New York, New York 10001
jjpeterectolino@gmail.com

Plaintiff is to respond to this letter by 12/30/24. The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.

12/13/24

## JacksonLewis

Judge Kenneth M. Karas
Page 4

### CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I caused a true and correct copy of *David Alvarez-Tudares and Renee M. Mejia Response to TGI Friday's Inc.'s Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings* which was served via the United States District Court *electronic filing system for the Southern District of New York* addressed to via Certified and Electronic Mail:

> John L. Peterec
> *Pro Se Plaintiff*
> 244 Fifth Avenue, Apt. J-292
> New York, New York 10001
> jjpeterectolino@gmail.com

*s/ Adam G. Guttell*
Adam G. Guttell