UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF

NEW YORK (SDNY)

JOHN L. PETEREC

               Plaintiff,             Case No. 23-cv 8028 (KMK) (JCM) (SDNY)

    -against-

TGI FRIDAYS, INC;

RENE M. MEJIA,

DAVID ALVAREZ-TUDERAS

           Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS: RENE M. MEJIA, &
DAVID ALVAREZ-TUDERAS & TGI FRIDAYS INC;'S RESPONSE
TO THE COURT'S ORDER (DOCKET NO. 56)-- DIRECTING PARTIES
TO RESPOND TO TGI FRIDAY'S "NOTICE OF SUGGESTION OF
PENDACY BANKRUPTCY AND AUTOMATIC STAY OF
PROCEEDINGS"**

1)-*Proceeds* from a Corporation's liability insurance policy are typically not

considered part of the bankruptcy estate in a Chapter 11 Bankruptcy.

1

**2)-REASONING:--Liability Insurance protects the company from claims from third parties.**

The purpose of liability insurance is to pay-out claims on behalf of the insured (the corporation) to third parties who have suffered harm caused by the corporation and/or its employees acting within the scope of employment for that corporation.

**3)-The proceeds of a liability insurance policy benefit those harmed by the debtor (the corporation), *not* the creditors in the bankruptcy estate.**

The insurance proceeds are meant to compensate those who have been injured or suffered damages due to the corporation's actions or its employees within the scope of employment for that corporation.

**4)-The Bankruptcy Estate is comprised of the debtor's assets that can be used to pay creditors.**

Since the liability insurance proceeds are intended for the benefit of third parties, they are not considered assets of the debtor and *do not* become part of the bankruptcy estate.

**5)-Proceeds of standard liability policies are not considered estate property.**

**6)-As such, TGI Fridays, Inc;'s Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings,-- should be denied and the case immediately ensue and to continue fully.**

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW

YORK (SDNY)

JOHN L. PETEREC

          Plaintiff,                        Case no. 23-cv-8028 (KMK) (JCM) (SDNY)

  -against-

RENE M. MEJIA,

DAVID ALDAREZ-TUDERAS,

& TGI FRIDAYS, INC.

          Defendants.

-------------------------------------------------------------------------------------------------------

**HONORABLE MENTION:**

**TO PLAINTIFF'S REPLY TO DEFENDANT'S
RENE M. MEJIA & DAVID ALVAREZ-TUDERAS & TGI FRIDAYS,
INC.'SRESPONSE TO THE COURT'S ORDER (DOCKET NO. 56)—
DIRECTING PARTIES TO RESPOND TO TGI FRIDAY'S "NOTICE OF
SUGGESTION OF PENDANCY BANKRUPTCY AND AUTOMATIC STAY
OF PROCEEDINGS."**

Examples of insurance policies whose proceeds are property of the estate include casualty, collision, life, and fire insurance policies in which the debtor is a beneficiary. Proceeds of such insurance policies, if made payable to the debtor rather than a third party such as a creditor, are property of the estate and *may* inure to all bankruptcy creditors. *But,* under a typical liability policy, the debtor will not have a cognizable interest in the proceeds of the policy. *Those proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract.*

*In re Edgeworth, 993 F.2d 51, 56 (5th Cir. 1993)*—Because liability policy proceeds usually do not belong to the estate, Bankruptcy Courts are often receptive to requests to lift an automatic stay for the sole purpose of allowing a claimant to initiate or continue outside proceedings against the debtor and collect proceeds from the insurance policies that cover the resulting judgement, See: *In re Calsol, Inc; 419 F. App'x 753 (9th Cir. 2011)*, See also: *Baez v Med Lab Mut. Ins. Co; 136 B.R. 65, 68 (S.D.N.Y. 1991)*. See also: *In re Fernstrom Storage & Van Co; 100 B.R. 1017, 1023, (Bankr. N.D. III (1989;) aff'd, 938 F.2d 731 (7th Cir. 1991)*.

Bankruptcy judges have considerable discretion in determining whether sufficient 'cause' exists to lift the automatic stay and the fact that the debtor's insurer bears responsibility for defending the debtor in an action outside of the bankruptcy proceedings weigh in favor of lifting the stay to pursue any potentially applicable insurance proceeds.

4

Please see: *In re Albeinsa Holding, Inc; No. 16-10790 (KJC). 2016 WL 5867039, at \*3 (Banks D. Del. Oct. 6ᵗʰ, 2016).*

If a Court allows a claimant to pursue applicable debtor insurance proceeds by lifting the stay, chances are that the underlying coverage continues *despite the debtor's bankruptcy petition.* -----**Chapter 11 Bankruptcy laws does not allow debtors to get rid of debt accrued through "willful" & malicious injury."**

Respectfully Submitted,

John L. Peterec, Plaintiff, Pro se

244 Fifth Avenue, Suite J-292, New York, N.Y. 10001

(917) 628-7300, jjpeterectolino@gmail.com.

5

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW
YORK (SDNY)

RE: PETEREC V TGI FRIDAYS, INC; et al. Case No, 23-cv-8028 (KMK) (JCM)

**AFFIRMATION OF SERVICE**

Plaintiff, John L. Peterec affirms that my Reply to Defendant's Response to the
Court's Order, directing Parties to respond to TGI Friday's Notice of Suggestion
of Pendency of Bankruptcy and Automatic Stay of Proceedings was served
electronically upon Defendant's legal counsel: Jackson Lewis, P.C. on Wednesday,
December 18th, 2024 via Adam Guttel, esq; at:
Adam.Guttell@jacksonlewis.com and Taylor Ferris, esq; at:
Taylor.Ferris@jacksonlewis.com.

Respectfully Submitted,

John L. Peterec Plaintiff, Pro se

244 Fifth Avenue, Suite J-292, New York, N.Y. 10001

(917) 628-7300, jjpeterectolino@gmail.com